United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVIONA JONES and GREGORY WASHINGTON, JR, | § § § | CIVIL ACTION NUMBER 4:26-cv-00644 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, INC, | § § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiffs Daviona Jones and Gregory Washington, Jr. proceed here *pro se*. They initiated this action in state court, seeking to avoid foreclosure on residential property located in Katy, Texas. Dkt 1-4 (original petition). Plaintiffs allege that they submitted a "Qualified Written Request . . . and Notice of Error pursuant to 12 USC §2605(e) and 12 CFR §§1024-35-36, requesting critical servicing and ownership documentation," but have not received an adequate response. After Defendant Select Portfolio Servicing, Inc, removed the action to this Court, Plaintiffs filed an emergency motion to temporary restraining order and application for injunctive relief. See Dkt 2.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 4. She issued a Memorandum and Recommendation recommending that Plaintiffs' motion for temporary restraining order be denied because the motion failed to demonstrate that any "foreclosure is imminent" or that this action is ripe for

adjudication. Dkt 5 at 3–4. This in turn undermined Plaintiffs' showing on all four elements needed for issuance of a temporary restraining order.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiffs filed objections. Dkt 7. They claim that the Magistrate Judge applied an overly narrow view of "imminence" in this context and did not fully address the likelihood of success of their claims under the Real Estate Settlement Procedures Act. They further maintain that this action is ripe for review, and that denial of the motion without hearing was premature.

Upon *de novo* review and determination, Plaintiffs' objections lack merit. The Magistrate Judge correctly determined that Plaintiffs only allege Defendant has "continued foreclosure activity or threatened foreclosure," and thus, "fail to assert sufficient facts to show that foreclosure is imminent." Dkt 5 at 2–3. Though Plaintiffs suggest that such determination was based on an "overly narrow view" of imminence, they provide no legal support for that assertion. See Dkt 7. And, for reasons set forth in the Memorandum and Recommendation, failure to demonstrate that foreclosure is imminent undermines their showing on all four TRO elements. See id at 3–4.

The objections fail to otherwise demonstrate legal error on the part of the Magistrate Judge.

The objections by Plaintiffs to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 7.

2

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 5.

The motion by Plaintiffs Daviona Jones and Gregory Washington, Jr. for temporary restraining order is DENIED. Dkt 2.

SO ORDERED.

Signed on __March 31, 2026__, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge